# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50879
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2014

Lyle W. Cayce
Clerk

LEOLA ADELENA STUART, on behalf of B. O. S., minor child, on behalf of O. B. S., a minor child,

Plaintiff – Appellant

v.

CITY OF SAN ANTONIO; STATE OF TEXAS; BEXAR COUNTY DISTRICT ATTORNEY; MARLENE J. STUART,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-439

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

*Pro se* Appellant Leola Adelana Stuart appeals the denial of her request for appointment of counsel and the dismissal of her lawsuit asserting violations of her constitutional rights.  In her complaint, Appellant claimed that Marlene J. Stuart, the State of Texas, and the Bexar County District Attorney were responsible for removing Appellant's grandchildren from her home against her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50879

will. Appellant's complaint also included various allegations against unnamed San Antonio police officers. Appellant sought to proceed *in forma pauperis* under 28 U.S.C. § 1915, and requested the appointment of counsel. The district court referred this motion to the magistrate judge, who permitted Appellant to proceed *in forma pauperis,* but denied the appointment of counsel. The magistrate judge also prepared a thorough report recommending that Appellant's complaint be dismissed as factually frivolous under 28 U.S.C. § 1915(e)(2) and for failure to state a claim. The district court adopted the magistrate's report, and dismissed the case. Having little to add to the opinion below, we now affirm.

This court reviews the dismissal of Appellant's claims as frivolous for abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The decision regarding the appointment of counsel is also reviewed for abuse of discretion. *Culprit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A dismissal for failure to state a claim is reviewed *de novo. Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012).

The district court was well within its discretion to dismiss Appellant's claims as frivolous. Appellant's complaint recites a series of seemingly unconnected events that have happened to her since 1998. Although she frequently refers to "Defendants," she does not state which defendant is responsible for each alleged harm. Further, Appellant's complaint asserts no grounds for jurisdiction against any defendant. Her complaint does not identify the authority under which she seeks to represent her grandchildren, or establish that she had legal custody over them in the first place. Appellant's allegations, taken together, are clearly baseless.

Appellant also fails to state a claim. Her claim against Marlene J. Stuart fails because she does not allege that this Appellee, a non-state actor, engaged

in an agreement with state actors to deprive Appellant of her constitutional rights. *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).   Her claim against the City of San Antonio fails because she does not allege that the city caused a constitutional tort through the execution of a policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).   Her allegations against the State of Texas fail because she has not established standing and because of state sovereign immunity. *Pennhurst State School and Hospital v. Haldermann*, 465 U.S. 89, 100-01 (1984).   Her claims against the Bexar County District Attorney fail because she has not established standing and because of prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

We also agree that Appellant has not shown the "exceptional circumstances" necessary to warrant the appointment of counsel. *Cupit*, 835 F.2d at 86.  The appointment of counsel is dependent upon, *inter alia*, the type and complexity of the case. *Id.*  Appellant has not shown that her case was factually or legally complex.

Accordingly, we AFFIRM.